The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Jones and the briefs and arguments of the parties. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
The Full Commission finds as fact and concludes as matters of law, the following, which were entered into by the parties in a Pre-Trial Agreement and at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are bound by and subject to the North Carolina Workers' Compensation Act.
2. At all relevant times, an employment relationship existed between plaintiff and defendant-employer.
3. Defendant is a duly self-insured and Sedgwick CMS is the servicing agent.
4. The parties entered into a Form 60 dated August 30, 1996 indicating plaintiff sustained an injury on March 27, 1996. Plaintiff has received total disability compensation at a rate of $492.00 per week since August 30, 1996.
5. Plaintiff's medical records were stipulated into evidence as Stipulated Exhibit 1.
6. The issues before the undersigned are: (i) whether plaintiff was released to return to work in November 1998 and what were the conditions of this release to return to work; (ii) whether plaintiff justifiably refused employment suitable to her capacity?
7. The depositions of George Jones and Susan Williams are a part of the evidentiary record.
 *********** EVIDENTIARY RULINGS
The objections raised in the depositions of George Jones and Susan Williams are OVERRULED.
 ***********
Based upon the evidence of record and the findings of fact found by the Deputy Commissioner, the Full Commission finds as follows:
 FINDINGS OF FACT
1. Plaintiff sustained an admittedly compensable injury by accident on March 27, 1996.
2. Defendant filed a Form 60 dated April 10, 1996 admitting plaintiff's compensable injury was for an upper and lower back strain. Plaintiff received temporary total disability compensation at the maximum compensation rate of $492.00 per week from April 10, 1996 and continuing.
3. On August 30, 1996, defendant unilaterally terminated payment of temporary total disability compensation without filing a Form 24 Application to terminate benefits and without plaintiff having returned to work.
4. In an Interim Agreement dated August 17, 1997, defendant reinstated temporary total disability compensation effective August 30, 1996 and admitted erroneously terminating payment of temporary total disability compensation.
5. Defendant filed a Form 24 Application to terminate benefits on February 24, 1999.
6. By Administrative Decision filed April 1, 1999, the Commission found that a decision could not be reached in an informal hearing and referred this case to a Deputy Commissioner for a full evidentiary hearing.
7. Plaintiff was treated conservatively by a number of physicians and eventually treatment was provided by Bruce V. Darden II, M.D. of Charlotte Orthopedic Specialists. Dr. Darden diagnosed a right herniated nucleus pulpous at C6-7, which he felt was causing plaintiff's clinical symptoms.
8. Dr. Darden recommended a right C7 nerve root block. However, the nerve block did not offer any improvement.
9. On August 26, 1997, Dr. Darden indicated that plaintiff's condition would probably require surgical intervention.
10. Plaintiff was treated for pain by Gerald Aronoff, M.D at the Presbyterian Center for Pain Management where she was admitted on May 18, 1998 and discharged on June 12, 1998. While participating in this program, plaintiff underwent a neurological examination with Michael Nesbitt, M.D to rule out cervical and lumbar radiculopathy. Dr. Nesbit found no objective neurological or muscular abnormalities and released plaintiff to return to work.
12. Dr. Darden decided against surgery and returned plaintiff to work initially on August 11, 1998 with a forty-pound lifting restriction.
13. Nancy Groves, a registered nurse and medical case manager hired by defendants to provide medical rehabilitation, wrote to Dr. Darden by letter dated September 4, 1998 requesting clarification of plaintiff's restrictions and enclosing a twenty-three (23) page job description for Dr. Darden's review.
14. Dr. Darden responded to Ms. Groves' letter indicating plaintiff should have a forty-pound weight restriction. This restriction was again reiterated on September 28, 1998 on a US Air medical report form.
15. Defendants retained Lee Anzaldi to provide vocational rehabilitation in this case. Mr. Anzaldi wrote Dr. Darden on November 13, 1998 regarding plaintiff's ability to fulfill the contractual provision requiring flight attendants to lift up to fifty-five (55) pounds in emergency situations. Mr. Anzaldi indicated the restrictions given by Dr. Darden posed significant problems to defendant-employer in attempting to return plaintiff to work.
16. Timothy McGowen, M.D. of Orthopedic Specialists of the Carolinas in Winston Salem began treating plaintiff in August 1999. In approximately December 1999, Dr. McGowen performed a cervical diskectomy and fusion of C6-7, which is the same level where the MRI obtained by Dr. Darden had revealed a right HNP at C6-7. Dr. Darden had previously recommended surgery at this level.
17. Dr. Darden was plaintiff's authorized treating physician and indicated plaintiff had a forty-pound lifting restriction. This restriction was reiterated on several occasions during the review of potential employment for plaintiff.
18. The job offered to plaintiff by defendant included a fifty-five (55) pound lifting requirement in emergency situations. Therefore, this job exceeds plaintiff's restrictions.
19. While George Jones indicated plaintiff would only be required to lift thirty-five (35) pounds in recurrent training, his testimony is inconsistent with Sandy Mixon's testimony that a flight attendant in recurrent training should be able to lift the amount of weight consistent with the job description. Plaintiff's job description requires lifting fifty-five (55) pounds in emergency situations. Plaintiff would not be able to pass her current training because of these lifting requirements.
Defendant has not provided plaintiff employment within her restrictions.
As a result of her compensable injury on March 27, 1996, plaintiff has received total disability compensation from March 27, 1996 and continuing.
 ***********
Based on the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On March 27, 1996, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer. N.C.G.S. § 97-2(6).
2. Plaintiff's refusal of employment was justified as the employment offered was not within her restrictions and, therefore, not suitable. N.C.G.S. § 97-32.
3. Defendant is not entitled to suspend plaintiff's total disability benefits to which plaintiff is entitled until she returns to work at the same or greater average weekly wage or until further order of the Commission. N.C.G.S. § 97-32; § 97-29.
4. Subject to the limitations of N.C.G.S. § 97-25.1, plaintiff is entitled to reasonably necessary medical treatment related to her injury by accident of March 27, 1996 for so long as such treatment tends to effect a cure, provide relief or lessen the period of plaintiff's disability. N.C.G.S. § 97-25.1; § 97-25.
 *********** Based on the foregoing findings of fact and conclusions of law, the Full Commission adopts and affirms the holding of the Deputy Commissioner and enters the following:
 ORDER 1. Defendants motion to suspend plaintiff's benefits for refusal of suitable employment is hereby and the same shall be Denied. Defendant shall continue to pay plaintiff total disability compensation, subject to an attorney's fee approved in Paragraph 3, until plaintiff returns to work at the same or greater average weekly wage or further order of the Commission. Accrued amounts, if any, shall be paid in one lump sum.
 2. Subject to the limitations of N.C.G.S. § 97-25.1, defendant shall pay all expenses for plaintiff's reasonably necessary medical treatment related to her injury by accident of March 27, 1996 for so long as such treatment tends to effect a cure, provide relief or lessen the period of plaintiff's disability.
 3. A reasonable attorney's fee of twenty-five (25%) percent of compensation due plaintiff under Paragraph 1 of this AWARD is hereby approved for plaintiff's counsel and shall be paid by deducting every fourth weekly compensation check and directing it to plaintiff's counsel. Accrued amounts, if any, shall be paid in one lump sum.
4. Defendants shall pay the costs due the Commission.
This the ___ day of September 2001.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER